UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rampage LLC,<br>                    Plaintiff,<br><br>v.<br><br>Global Graphics SE and<br>Global Graphics Software, Inc.<br>                    Defendants. | Civil Action No. : _____<br><br><br>COMPLAINT |

The plaintiff, Rampage LLC, for its Complaint against defendants, Global

Graphics SE and Global Graphics Software Inc., alleges as follows:


PARTIES

1.      Plaintiff, Rampage LLC, is a Massachusetts limited liability company having a

principal place of business at 2 Abbott Avenue, Sharon, MA 02067.

2.      On information and belief, defendant, Global Graphics SE, is a publically traded

company formed under the laws of the United Kingdom having a principal place of

business at 2030 Cambourne Business Park, Cambourne, Cambridge CB23 6DW, UK.

3.      On information and belief, defendant, Global Graphics Software Inc., is a

Massachusetts corporation having a principal place of business at 281 Winter Street,

Waltham, MA 02451.

4.      On information and belief, defendant, Global Graphics Software Inc., is a wholly

owned subsidiary of defendant, Global Graphics SE.

-1-

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§1331 and 1338(a).

7.     This Court has personal jurisdiction over defendants based upon their contacts with this forum, including, having an established place of business and the offering for sale and/or license of infringing products to customers located within the Commonwealth of Massachusetts.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(b).

## COUNT I - PATENT INFRINGEMENT - U.S. PATENT NO. 9,053,410

9.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-8 as if fully alleged herein.

10.    Plaintiff is the sole owner of U.S. Patent No. 9,053,410 entitled "Raster Image Processor With Printhead Profile Compensation For a Multi-Level Digital Printing Machine" that issued on June 9, 2015 and names Mitchell J. Bogart as the inventor (the "Bogart Patent"). A copy of the Bogart Patent is attached hereto as Exhibit A.

11.    The Bogart Patent is valid and enforceable.

12.    On information and belief, defendants are using, offering for sale, and/or selling a multi-level screening engine for use with a wide variety of conventional raster image processors (the "First Product") and its Harlequin raster image processor that employs First Product (the "Second Product") to customers throughout the United States,

including the Commonwealth of Massachusetts. Attached as Exhibit B is a document published by defendants entitled "Halftone Screen Optimization for Single-Pass Inkjets" dated February 2016 (the "White Paper") advertising for sale the First Product and the Second Product.

13.     Plaintiff has been unable to review the source code of the First Product and the Second Product. Plaintiff not have the opportunity to review the source code except by discovery in this action. Attached as Exhibit C is a claim chart for claim 1 of the Bogart Patent with plaintiff's initial contentions of infringement as they currently exist based upon public information disseminated by defendants (the "Pre-Filing Claim Chart"). As shown by the Pre-Filing Claim Chart, upon information and belief, each and every limitation of claim 1 of the Bogart Patent or its equivalent is present in and/or practiced by the First Product and the Second Product.

14.     Upon information and belief, defendants had actual knowledge of the Bogart Patent prior to offering for sale and/or selling the First Product and/or the Second Product.

15.     Defendants import, use, offer for sale, and/or sale of the First Product and/or the Second Product to customers located within the United States infringes claim 1 of the Bogart Patent in violation of 35 U.S.C. §271.

16.     Upon information and belief, defendants do not have a reasonable basis for believing that the First Product and the Second Product do not infringe the Bogart Patent and/or that the Bogart Patent is not valid and enforceable.

17.     Defendants infringement of the Bogart Patent has caused and continues to cause plaintiff irreparable harm.

18.     Defendants infringement of the Bogart Patent has caused and continues to cause plaintiff monetary damage.


## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of plaintiff against the defendants, Global Graphics SE and Global Graphics Software Inc., jointly and severally, on the above counts and grant it the following relief:

1.     Pursuant to 35 U.S.C. §283, an Order that defendants be preliminary enjoined from making, importing, using, offering for sale, and/or selling the First Product and the Second Product and any other product that infringes claim 1 of U.S. Patent No. 9,053,410;

2.     Pursuant to 35 U.S.C. §283, an Order that defendants be permanently enjoined from making, importing, using, offering for sale, and/or selling the First Product and the Second Product and any other product that infringes claim 1 of U.S. Patent No. 9,053,410;

3.     Pursuant to 35 U.S.C. §284, that defendants pay plaintiff actual damages as may be proved at trial, and in no event less than a reasonable royalty;

4.     Pursuant to 35 U.S.C. §284, that plaintiff be awarded interest on damages;

5.     Pursuant to 35 U.S.C. §284, that plaintiff be awarded its costs; and

6.     Such other damages and relief as this Court deems equitable and just.


## REQUEST FOR A JURY

Plaintiff hereby requests a jury on all issues triable by a jury.

Respectfully submitted,


Rampage LLC

By its Attorney,

/s/ Steven N. Fox

Dated: 04-10-2016                Steven N. Fox (BBO #554692)
                                 62 South Main Street
                                 Sharon, MA 02067
                                 (781) 821-8920
                                 E-Mail: sfox@foxpatent.com